| | | |
|---|---|---|
| JOHN HYMES AND CUZAN SERVICES, LLC | * | NO. 2025-CA-0518 |
| | * | |
| VERSUS | | COURT OF APPEAL |
| | * | |
| FREDERICK EVANS SCHMIDT AND KOCH AND SCHMIDT, LLC | * | FOURTH CIRCUIT |
| | | STATE OF LOUISIANA |

\* \* \* \* \* \* \*

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2024-07877, DIVISION "F-14"
Honorable Jennifer M Medley,
\* \* \* \* \* \*
**Judge Daniel L. Dysart**
\* \* \* \* \* \*

(Court composed of Judge Daniel L. Dysart, Judge Sandra Cabrina Jenkins, Judge Paula A. Brown)


David Band, Jr.
422 South Broad Street
New Orleans, LA 70119-0160


COUNSEL FOR PLAINTIFF/APPELLANT


William H. Africk
Marta-Ann Schnabel
Kevin C. O'Bryon
McKenna Rae Giovingo
Geoffrey Michel
O'BRYON, SCHNABEL & AFRICK, PLC
935 Gravier St
Suite 900
New Orleans, LA 70112


COUNSEL FOR DEFENDANT/APPELLEE


**AFFIRMED**


**MARCH 16, 2026**

DLD
SCJ
PAB

In this legal malpractice case, the appellants, John Hymes and Cuzan Services, LLC (hereinafter sometimes referred to simply as "Mr. Hymes"), appeal the trial court's maintaining a peremptory exception of peremption in favor of the appellees, Frederick Evans Schmidt and Koch and Schmidt, LLC (hereinafter sometimes referred to simply as "Mr. Schmidt"), and the dismissal with prejudice of the appellees' claims. For the reasons that follow, we affirm the trial court's judgment.

**FACTS AND PROCEDURAL HISTORY**

On September 30, 2021, Mr. Hymes retained Mr. Schmidt and the law firm of Koch and Schmidt, LLC to represent him in negotiations involving foreclosure proceedings against Mr. Hymes' personal residence property located at 203 Wilson Street in Belle Chasse. Mr. Hymes contends that while Mr. Schmidt negotiated a settlement, Mr. Schmidt failed to advise him of critical installment obligations, resulting in the foreclosure, loss of his home's equity, and substantial business damages.

Mr. Hymes filed a petition for damages alleging legal malpractice against Mr. Schmidt and his law firm on August 26, 2024.  Mr. Schmidt filed an answer and affirmative defenses on December 11, 2024.  On June 9, 2025, Mr. Schmidt filed a peremptory exception of peremption.

An evidentiary hearing took place on April 22, 2025, where not only testimony, but several exhibits were introduced into evidence, including a copy of a bar complaint filed by Mr. Hymes against Mr. Schmidt that was received by the Office of Disciplinary Counsel on January 17, 2024.  The complaint alleged that in December of 2022, Mr. Hymes learned that his property had been foreclosed on November 9, 2022, while he believed there was an agreement in place to forestall foreclosure; however, the complaint goes on to state that Mr. Hymes learned that "the agreement was sent to Mr. Schmidt" but "there was no signed agreement on file."  On May 6, 2025, Mr. Hymes submitted a post-trial memorandum that centered on fraudulent concealment of legal malpractice.  The trial court rendered a judgment on June 6, 2025, which maintained Mr. Schmidt's peremptory exception of peremption and dismissed Mr. Hymes' lawsuit with prejudice.  It is from this judgment that Mr. Hymes now appeals.

## DISCUSSION

On appeal, Mr. Hymes raises the following assignments of error: (1) the district court erred in holding that appellants' claims were perempted as of December 2022, despite discovery of malpractice only on April 1, 2024; (2) the district court failed to apply La. R.S. 9:5605(E)'s fraud exception, despite Mr.

Schmidt's written admission that he did not send the settlement agreement; and (3) the court committed legal error by conflating foreclosure with discovery of malpractice, and by ruling without a full evidentiary hearing.

Regarding the standard of review for the peremptory exception of peremption, the Louisiana Supreme Court has opined:

> If evidence is introduced at the hearing on the peremptory exception of preemption, the district court's findings of fact are reviewed under the manifest error-clearly wrong standard of review. If those findings are reasonable in light of the record reviewed in its entirety, an appellate court cannot reverse even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently.

*Lomont v. Bennet*, 14-2483, p. 8 (La. 6/30/15), 172 So.3d 620, 627.

In his first assignment of error, Mr. Hymes alleges that he first learned of Mr. Schmidt's alleged malpractice "only on April 1, 2024." However, in the record, we have a copy of a bar complaint made by Mr. Hymes against Mr. Schmidt that was received by the Office of Disciplinary Counsel on January 17, 2024. The complaint recounts:

> [i]n December of 2022, [Hymes] received a call from [his] neighbor Victoria Taylor advising that a locksmith was at the house. [He] directly contacted Julie Turmia [sic], who advised, 'the property was foreclosed on November 9, 2022.' [He] asked 'why would you proceed with such action when we had an agreement in place?' Julie stated 'the agreement was sent to Mr. Schmidt' and further advised, 'there was no signed agreement on file.'

The above excerpt from the bar complaint is indicative that Mr. Hymes knew or should have known of any potential legal malpractice claim he had against Mr. Schmidt by December of 2022. However, Mr. Hymes did not file his lawsuit until August 26, 2024. According to La. R.S. 9:5605(A):

No action for damages against any attorney at law duly admitted to practice in this state, any partnership of such attorneys at law, or any professional corporation, organization, association, enterprise, or other commercial business or professional combination authorized by the laws of this state to engage in the practice of law, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide legal services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered; however, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

Accordingly, based on the foregoing, we find no error in the trial court's finding that Mr. Hymes's legal malpractice claim against Mr. Schmidt was perempted.

In his second assignment of error, Mr. Hymes contends that the trial court erred by failing to apply La. R.S. 9:5605(E)'s fraud exception. According to La. R.S. 9:5605(E): "The peremptive period provided in Subsection A of this Section shall not apply in cases of fraud, as defined in Civil Code Article 1953[1]." Although Mr. Hymes submitted a post-trial brief that centered on fraudulent concealment of legal malpractice, Mr. Hymes never actually pled fraud. "La. C.C.P. art. 853 and the established jurisprudential authority require that fraud be pled with particularity." *Commercial Brokers, Inc. v. John J. Hazard Drayage Constr. Co., Inc.*, 19-0638, p. 7 (La. App. 4 Cir. 4/29/20), 299 So.3d 644, 649. It is necessary for "the petition to assert with specificity allegations consistent with fraudulent behavior. *Id.* As such, Mr. Hymes has failed to assert a claim for fraud.

---

[1] La. C.C. art. 1953 states: "Fraud is a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other. Fraud may also result from silence or inaction."

4

*See Mopsik v. Galjour*, 24-0189, p. 20 (La. App. 4 Cir. 9/25/24), 399 So.3d 811, 825. Accordingly, Mr. Hymes' second assignment of error is without merit.

In his final assignment of error, Mr. Hymes contends that the trial court committed legal error by conflating foreclosure with discovery of legal malpractice and by ruling without a full evidentiary hearing. However, there is no indication that the trial court conflated foreclosure with discovery of legal malpractice. Foreclosure was the very thing that Mr. Hymes retained Mr. Schmidt to stop. Its occurrence was notice of the discovery of legal malpractice according to Mr. Hymes' own version of events. Furthermore, an evidentiary hearing did take place. Accordingly, this assignment of error is without merit.

**CONCLUSION**

Based on the above and foregoing reasons, we find nothing manifestly erroneous or clearly wrong in the trial court's maintaining the defendants' peremptory exception of peremption. Accordingly, we affirm the trial court's judgment.

**AFFIRMED**